IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Adrian Morley, | No. CV-09-1554-PHX-NVW (LOA) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Yolanda Elliot, et al. | |
| Respondents. | |

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1)  Respondents have filed an Answer, Doc. 21, to which Petitioner has replied. (Docs. 33, 36)    On July 7, 2010, the undersigned found that an evidentiary hearing is warranted on Petitioner's claim in Ground One that counsel in CR2003-021342 was ineffective because she advised and permitted him to enter into a plea agreement in CR2003-012342 that includes an admission to a historical prior conviction and exposed him to an enhanced sentence under A.R.S. § 13-604 when in fact, Petitioner did not have a prior conviction. (Doc. 38)   An evidentiary hearing was initially scheduled for September 22, 2010 and, after several request for continuances by both sides, was ultimately rescheduled to January 21, 2011. (Docs. 38, 50)

On December 21, 2010, Respondents filed a Motion to Dismiss Grounds One and Two for Lack of Jurisdiction, doc. 66.  Petitioner, through counsel David Eisenberg who was appointed for purposes of the evidentiary hearing, opposes the motion, doc. 70.

1   Respondents have filed a Reply.  (Doc. 74)   In the Reply, Respondents narrow their motion

2   to dismiss to seek dismissal of "Petitioner's Ground I claims to the extent they challenge the

3   sentence in the 2003 matter," and to dismiss Ground II in its entirety.  (Doc. 74)   For the

4   reasons set forth below, the undersigned recommends that the Motion to Dismiss be granted.

5   **I. Factual and Procedural Background**

6       **A.  Charges, Pleas, and Sentencing**

7           On August 15, 2002, the State of Arizona filed an indictment in Maricopa County

8   Superior Court, CR2002-014160 (the "2002 case"), charging Petitioner with two counts of

9   fraudulent schemes and artifices, class 2 felonies (Counts 1 and 4); three counts of theft,

10  class two felonies (Counts 2, 3, and 5); and two counts of trafficking in stolen property, class

11  3 felonies (Counts 6-7).  (Respondents' Exh. C[1])   On May 12, 2003, Petitioner pled guilty,

12  pursuant to a written plea agreement, to Counts 1 and 6 in CR2002-014160.  (Respondents'

13  Exh. E)  Before Petitioner was sentenced in CR2002-014160, on September 9, 2003, the

14  State of Arizona filed an indictment in Maricopa Superior Court CR2003-021342 (the "2003

15  case"), charging Petitioner with one count of conspiracy to commit first degree murder, a

16  class 1 felony based on events that allegedly occurred on or between July 10 and July 28,

17  2003.  (Respondents' Exh. F)   The indictment in CR2003-021342 alleged that Petitioner

18  contracted with Detective Cameron Scadden, who was acting undercover, to murder one of

19  the victims in CR2002-014160.  (Respondents' Exh. F)  On October 5, 2003, the State filed

20  an allegation that Petitioner  committed the offense charged in CR2003-021342 while

21  released on bond in CR2002-014160. (Respondents' Exh. H)

22          In view of the 2003 indictment, on October 20, 2003, the State moved to withdraw

23  from the May 12, 2003 plea agreement in CR2002-014160.  (Respondents' Exh. I; Exh. E)

24

25

26

27      [1] Citations to "Respondent's Exh.___" are to exhibits attached to Respondents' Answert ot

28  Petition for Writ of Habeas Corpus, doc 21.

1    On October 22, 2003, the court granted the State's motion to withdraw from the May

2    12, 2003 plea agreement.  (Respondents' Exh. J)  Pursuant to the terms of that agreement,

3    the charges in CR2002–014160 were reinstated.  (Respondents' Exhs. C, E, J)

4    On October 30, 2003, Petitioner's counsel in CR2003-021342, Shelley Davis, moved

5    for pre-screening of Petitioner pursuant to Ariz.R.Crim.P. 11 because, according to

6    Petitioner's cellmate, Petitioner was "exhibiting bizarre behavior including talking to people

7    who are not there, whimpering and hardly sleeping or eating."  (Respondents' Exh. K)

8    Defense counsel in CR2002-014160, Bruce Blumberg, joined in the Rule 11 motion.

9    (Respondents' Exh. L) Competency evaluations were completed by Dr. Joseph Franzetti and

10   Dr. Steven Gray.  (Respondents' Exh. M)  After considering the doctors' reports, the court

11   found that Petitioner understood the proceedings and was able to assist counsel with his

12   defense.  The court found Petitioner competent pursuant to A.R.S. § 13-4510(B).

13   (Respondents' Exh. M)

14   During a single plea hearing, on July 2, 2004, Petitioner pled guilty in CR2002-

15   014160 to Count 1, fraudulent schemes and artifices, a class 2 felony; and Count 6,

16   trafficking in stolen property, a class 3 felony, as charged  (Respondents' Exhs. N, P); and in

17   CR2003-021342 to amended Count 1, solicitation to commit first degree murder, a class 3

18   felony, with one historical prior felony conviction.  (Respondents' Exhs. O, P)

19   During the July 2, 2004 change of plea hearing[2], the court first discussed the charges

20   and plea agreement in CR2002-014160.  (Respondents' Exh. P at 5)  The court verified that

21   Petitioner intended to plead guilty to Count 1, fraudulent schemes and artifices - a class 2

22   felony, and to Count 6, trafficking in stolen property - a class 3 felony.  (Respondents' Exh.

23   P at 5)  Petitioner acknowledged that he had initialed the provisions in the plea agreement,

24   signed the agreement, and that his initials and signature indicated that he read and

25   understood the plea.  (Respondents' Exh. P at 5-6)  Petitioner agreed that he was pleading to

26   probation on both counts in CR2002-014160 to run consecutively to his sentence in the 2003

27   _____

28       [2]  The Honorable Warren J. Granville presided.

1   case.  (Respondents' Exh. P at 7-8)   Petitioner also acknowledged that he entered and

2   signed the plea agreement voluntarily.  (Respondents' Exh. P at 7-8)

3          The court next discussed the charges and plea agreement in CR2003-021342.  The

4   court verified that Petitioner was "going to plead guilty to amended Count 1, solicitation to

5   commit first degree murder, a class 3 felony with one prior felony . . . ."  (Respondents' Exh.

6   P at 8)  Petitioner acknowledged that he had initialed the provisions of the plea agreement,

7   signed the agreement, and that his initials and signature indicated that he read and

8   understood the plea.  (Respondents' Exh. P at 8-9)  Petitioner acknowledged that defense

9   counsel Davis had "explain[ed] the plea" to him, and that he understood the plea agreement.

10   (Respondents' Exh. N at 9)   The court also confirmed that the plea agreement provided that

11   Petitioner would be "sentenced to the Department of Corrections for the term up to the

12   Court, not less than 6 and a half years, which is the presumptive term, and not greater than

13   13 years, which is the maximum term or the aggravated term.  You will have to pay

14   restitution up to $5,000."  (Respondents' Exh. P at 9)   Petitioner acknowledged that he

15   understood his sentencing exposure.  (*Id.*)

16          In response to the court's questions, Petitioner acknowledged that there was nothing

17   in the plea agreement he did not agree with or did not understand, and that no force or

18   threats were used to induce him to plead guilty.  (Respondents' Exh. P at 9-10)   Petitioner

19   confirmed that he understood that the plea agreement stipulated to a prison term of 6.5 to 13

20   years.  (Respondents' Exh. P at 10)   The court then asked Petitioner, "[y]ou understand that

21   in order for the Court to give you a sentence greater than 6 and a half years, that means you

22   have the right to a jury determination of aggravating factors that you are waiving; do you

23   understand that."  (Respondents' Exh. P at 10-11)   Petitioner responded, "Yes."

24   (Respondents' Exh. P at 11)

25          After explaining the possible sentences, restitution, and fines, the court asked

26   Petitioner if he understood that if the court accepted the plea, Petitioner could not withdraw

27   from the plea agreement unless he demonstrated manifest injustice.  (Respondents' Exh. P at

28   13) Petitioner responded that he understood.  (*Id.*)

1    The court again asked Petitioner if he understood that "in the 2003 case, you are also

2    giving up the right for the jury to determine aggravating factors?" and if he wished to waive

3    those rights.  Petitioner responded, "Yes."  (Respondents' Exh. P at 14)  Petitioner then

4    entered a plea of guilty to Counts 1 and 6 in CR2002-014160, fraudulent schemes and

5    artifices.  (Respondents' Exh. P at 14-17)  Petitioner next pled guilty in CR2003-021342 to

6    solicitation to commit first degree murder with a historical prior.  (Respondents' Exh. P at

7    17-18)  The Court found that Petitioner's pleas were "knowingly and intelligently and

8    voluntarily made" and accepted each of Petitioner's guilty pleas.  (Respondents' Exh. P at

9    21)

10    The sentencing hearing was held on September 17, 2004.  Before sentencing

11    Petitioner in CR2003-021342, the court noted that the plea agreement stipulated to prison,

12    and made the following findings:

13        [T]he Court finds as aggravating circumstances, the fact that the offense
          was committed while on release, which you admitted in the plea agreement.
14
          I agree with Ms. Davis (defense counsel), criminal history has been
15        taken into account with the plea to the substantive charge with the
          enhancement.
16
          Also, as an aggravating factor, the nature of the offense.  This is a
17        crime that was committed against a victim of a pending case which you
          admitted to in the factual basis.
18
          With respect to mitigating circumstances, I do find as mitigating
19        circumstances your deteriorating physical and mental health, also the
          fact that there will be a probation tail.
20
21    (Respondents' Exh. Q at 21; Exh. S)   The court then sentenced Petitioner to an aggravated

22    term of 7.5 years' imprisonment in CR2003-021342.  (Respondents' Exh. Q at 21; Exh. S)

23    The court's order of imprisonment specified that "Community Supervision" was "[w]aived

24    pursuant to A.R.S. § 13-603(K) and 41-1604.07(D) due to the term of probation in CR 2002-

25    014160."  (Respondents' Exh. S at 2)  Pursuant to the plea agreement, the court dismissed

26    the allegation that the offense was committed while on release.  (Respondents' Exh. Q at 22)

27    In CR2002-014160, the court suspended the imposition of sentence and placed

28    Petitioner on concurrent terms of 7 years probation on Count 1 and 5 years probation on

1   Count 6 to commence "[u]pon absolute discharge from prison for a separate offense" in

2   CR2003-021342.  (Respondents' Exh. Q at 22-23; Exh. R)

3       **B. Post-Conviction Proceedings/(Rule 32 of-right)**

4       By pleading guilty, Petitioner waived his right to a direct appeal, but retained the

5   right to seek review in a petition for post-conviction relief under Ariz.R.Crim.P. 32, a so-

6   called Rule 32 of-right proceeding.  *See* Ariz.R.Crim.P. 32.1.  On December 4, 2006,

7   Petitioner, proceeding *pro se*, filed a notice of post-conviction relief pursuant to

8   Ariz.R.Crim.P. 32 in both CR2002-014160 and CR2003-021342.  (Respondents' Exh. V)

9   Petitioner was appointed counsel for post conviction proceedings.  (Respondents' Exh. W)

10  On April 8, 2005, counsel filed a notice of completion of post-conviction review, notifying

11  the court that he was unable to find any claims to raise, and requesting that Petitioner be

12  given additional time to file a *pro per* petition.  (Respondents' Exh. X)   The court granted

13  Petitioner additional time to file a *pro per* petition.  (*Id*.)

14

15      On July 5, 2005, Petitioner filed a *pro per* petition for post-conviction relief, raising

16  the following claims:

17          1.  The trial court lacked subject matter jurisdiction to proceed because the
            indictments in CR2002-014160 and CR2003-021342 were fatally defective
18          in violation of the Sixth and Fourteenth Amendments because they did not
            charge an offense.
19
20          2. Counsel was ineffective in violation of the Sixth Amendment for failing to:
            (a) request a mental evaluation and to assert an insanity defense; (b) failing to
21          challenge the defective indictments; (c) failing to challenge the lack of probable cause
            to support the indictments; (d) failing to adequately confer with Petitioner
22          regarding the charges, his defenses, and the consequences of pleading guilty;
            (e) failing to challenge the historical prior allegation from CR2002-014160
23          in the plea agreement in CR2003-021342; (f) for failing to object to the trial
            court's aggravating circumstance finding that Petitioner committed the offense
24          in CR2003-021342 while on release in CR2002-014160; and (g) for failing to
            object to improper aggravating factors relied upon by the trial court at
25          sentencing;

26          3.  Rule-32 counsel was ineffective for failing to raise the foregoing claims of
            ineffective assistance of trial counsel in the petition for post-conviction relief; and
27
            4.  Petitioner's sentences were illegal because the aggravating factors were not
28          found by a jury in violation of the Fifth, Sixth, and Fourteenth Amendments.

1  (Respondents' Exh. Y)

2       In view of the allegations of ineffective assistance of counsel, the court permitted

3  appointed counsel to withdraw and appointed Petitioner new counsel.  (Respondents' Exh.

4  Z)  Petitioner's new counsel filed a supplemental petition for post-conviction relief asserting

5  that the trial court improperly enhanced Petitioner's sentence pursuant to A.R.S. § 13-604

6  based on a contemporaneous conviction and that trial counsel was ineffective for failing to

7  object to the court's reliance on a contemporaneous conviction to establish a historical prior

8  conviction.  (Respondents' Exh. AA)   The State filed a response, to which Petitioner

9  replied.  (Respondents' Exhs. BB, CC)

10       On December 22, 2005, the court denied relief and dismissed the petition for post-

11  conviction relief.  (Respondents' Exh. DD)  The court found that: (1) the indictment in the

12  2002 case was not fatally defective because it complied with Ariz.R.Crim.P. 13.2, moreover,

13  Petitioner waived that claim by his plea agreement; (2) by pleading guilty, Petitioner waived

14  his claims that defense counsel was ineffective for failing to present an insanity defense and

15  for failing to challenge the grand jury's probable cause determination.  Petitioner's claim

16  that defense counsel failed to advise him of his rights was contradicted by the plea colloquy

17  where Petitioner told the court that he read the plea agreement and understood the rights he

18  was waiving; (3) Petitioner's aggravated sentences did not violate the Sixth Amendment, as

19  discussed in *Blakely*, because Petitioner admitted facts related to the nature of the offense -

20  hiring a hit-man to kill a witness in the 2002 case - which made him eligible to receive an

21  aggravated sentenced in the 2003 case; and (4) Petitioner's assertion that he did not have a

22  prior conviction in the 2003 case lacked merit because the fraudulent scheme occurred prior

23  to the solicitation to commit first degree murder, which Petitioner admitted during his

24  change of plea colloquy.  (Respondents' Exh. DD)

25       On January 5, 2006, Petitioner's counsel moved for rehearing.  (Respondents' Exh.

26  EE)  Thereafter, Petitioner filed a *pro per* motion for rehearing.  (Respondents' Exh. FF)

27  The court summarily denied the motions for rehearing.  (Respondents' Exh. GG)

28

On July 11, 2006, Petitioner filed a *pro per* petition for review in the Arizona Court of Appeals.  (Respondents' Exh. HH)   Petitioner argued that the trial court erred in denying post-conviction review because: (1) the trial court proceeded on two fatally defective indictments in violation of the Fourteenth Amendment; (2) the trial court proceeded although Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment; (3) the trial court relied on the 2002 plea agreement knowing that Petitioner's counsel failed to discuss this case with him and failed to appear at the change of plea hearing; (4) the trial court relied on the CR2003-021342 plea agreement even though defense counsel was ineffective and even though Petitioner did not have a prior felony conviction; (5) the trial court tricked Petitioner into signing the plea agreement in CR2003-021342 by stating that the court would dismiss the allegation that the offense was committed while on felony release, but the court still used this allegation to enhance his sentence, which allegedly violated the double jeopardy clause; (6) Petitioner was not convicted of the crimes in the plea agreement until September 17, 2004, when he was sentenced; (7) the terms of contained in paragraph 7 of the plea agreement is "against the law under *Blakely*;" and (8) Petitioner could not have knowingly, intelligently and voluntarily entered into the two plea agreements because he had been diagnosed as "seriously mentally ill" by Maricopa Count Jail doctors.  (Respondents' Exh. HH)  On June 19, 2007, the Arizona Court of Appeals summarily denied review.  (Respondents' Exh. II)

After receiving several extensions, on May 15, 2008, Petitioner filed a petition for review by the Arizona Supreme Court.  (Respondents' Exh. JJ)   Petitioner raised the same issues he had raised in his petition for post-conviction relief and in his petition for review. (Respondents' Exh. JJ)   On July 28, 2008, the Arizona Supreme Court summarily denied review.  (Respondents' Exh. KK)

**C.  Federal Petition for Writ of Habeas Corpus**

On July 27, 2009, Petitioner filed a timely[3] Petition for Writ of Habeas Corpus in this Court, raising the following claims:

**Ground One:** Ineffective assistance of counsel/invalid sentence.

**Ground Two:** Illegal sentence, the court improperly relied on a contemporaneous conviction to enhance his sentence pursuant to A.R.S. § 13-604.

**Ground Three:** Petitioner's sentence in CR2002-014160 was excessive in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

**Ground Four:** The trial court breached the terms of the plea agreement.

**Ground Five:** The trial court failed to establish that subject matter jurisdiction and venue were proper.

**Ground Six:** At all stages of the criminal proceedings, Petitioner was under such duress that his mental capacity was diminished.

**Ground Seven:** Petitioner's rights under the Double Jeopardy Clause were violated.

**Ground Eight:** The trial court did not establish a sufficient factual basis to support Petitioner's conviction in CR2003-021342.

**Ground Nine:** Petitioner did knowingly and voluntarily waive his Sixth Amendment rights articulated in *Blakely*.

(Docs. 1, 4)   Respondents now move to dismiss Petitioner's challenge to his 2003 sentence asserted in Grounds One and Two for lack of jurisdiction, mootness.  (Doc. 66) Respondents argue that Grounds One and Two challenge solely the validity of Petitioner sentence in Maricopa Cause Number CR2003-021342 and Petitioner has served his sentence in the 2003 case.  (Doc. 66)  In opposition to the motion to dismiss, Petitioner argues that he has not completed his sentence in CR2002-014160, and at least one ground in his Petition, Ground Six, challenges his underlying conviction.  (Doc. 70)

As discussed below, the motion to dismiss should be granted.  Before further discussion, the Court clarifies that this Report and Recommendation only addresses the

---

[3]   Respondents concede that the Petition is timely in accordance with 28 U.S.C. § 2244. (docket # 21 at 16-18)

1   arguments related to Respondents' Motion to Dismiss and does not address any other issues

2   - including any other procedural or substantive issues pertaining to Grounds One and Two.

3   **II.  Grounds One and Two**

4       In Ground One, Petitioner asserts that counsel in CR2003-021342 was ineffective for

5   advising him to enter a plea agreement pursuant to which he admitted to a prior conviction

6   when he did not have such a conviction.[4]  (Doc. 4 at 11)  He also argues that defense counsel

7   in CR2003-021342 was ineffective for failing to object at sentencing to the court's

8   enhancement of his sentence under A.R.S. § 13-604 when counsel should have known that

9   the court was precluded from using his conviction in CR2002-014160 as a prior felony

10  conviction to enhance his sentence in CR2003-021342 under A.R.S. § 13-604 because it was

11  a contemporaneous conviction, not a prior conviction, under *State v. Thompson*, 200 Ariz.

12  439, 441, 27 P.3d 796, 798 (Ariz. 2001).   Petitioner further argues that he was prejudiced

13  because he exposed to a greater sentencing range available under A.R.S. § 13-604, rather

14  than the more lenient sentencing range of A.R.S. § 13-702.02.  (Doc. 4 at 9-12)   He requests

15  that this Court declare that his "counsel in the CR-2003-021342-001 DT matter was

16  ineffective which resulted in" a sentence that was "constitutionally void."  (Doc. 4 at 12)

17      In Ground Two, Petitioner argues that the trial court's reliance on a contemporaneous

18  conviction to enhance his sentence in the 2003 case is improper and illegal.  (Doc. 4 at 13-

19  15)   In response to the pending motion to dismiss, Petitioner explains that "as a result of the

20  sentence's improperly extended term in CR2003, the probationary terms that he has to serve

21  for both counts in CR2002, which were to run after sentence was completed in the CR2003

22  case, started too late."  (Doc. 70 at 3-4)  As such, Petitioner argues, Grounds One and Two

23  raise a viable issue concerning Petitioner's sentences in the CR2002 case.

24  **III.  Probationary Term in CR2002-014160**

25  _____

26      [4] In Ground One, Petitioner also argues that counsel in CR2002-04160 was ineffective for
    failing to appear that the change of plea hearing.  (Doc. 4 at 11)  Because this claim is not at
27  issue in the Motion to Dismiss, doc. 66, the Court does not address this claim in this Report and
28  Recommendation.

1    As Petitioner argues, the record reflects that Petitioner's concurrent terms of

2  probation in CR2002-014160 were to commence "[u]pon absolute discharge from prison for

3  a separate offense" - specifically, the 7.5-year prison sentence in CR2003-021342.

4  (Respondents' Exhs. Q, R, S)   In opposition to the Motion to Dismiss, Petitioner states that

5  he was released from prison in CR2003-021342 on February 1, 2010 and had his first

6  meeting at the Adult Probation Office on February 24, 2010.  (Doc. 70 at 5)  Probation

7  Officer Sierra Flores began to supervise Petitioner in May, 2010 and he must report once a

8  month in person.  According to Petitioner, Probation Officer Flores has indicated that

9  Petitioner's probationary term will end on February 25, 2017.  (Doc. 70 at 5)   In addition,

10  each month, Petitioner makes a payment of $100.00 in restitution and $50.00 in probation

11  fees.  (Doc. 70 at 5)

12  **IV.  Analysis of Motion to Dismiss - Mootness**

13    "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court

14  jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Commission v. Geraghty*, 445 U.S.

15  388, 395 (1980).   "This case-or-controversy requirement subsists through all stages of

16  federal judicial proceedings, trial and appellate . . . the parties must continue to have a

17  personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp*., 494 U.S.

18  472, 477-78 (1990). In other words, "throughout the litigation, the plaintiff must have

19  suffered, or be threatened with, an actual injury traceable to the defendant and likely to be

20  redressed by a favorable judicial decision." *Id*. at 477. This limitation restricts the

21  jurisdiction of the federal courts to cases where there is a possible judicial resolution. *Id.*  A

22  habeas corpus petition is moot where the petitioner "seeks relief [that] cannot be redressed

23  by a favorable decision of the court issuing a writ of habeas corpus." *Burnett v. Lampert*,

24  432 F.3d 996, 1000-01 (9th Cir. 2005).  The test for mootness is whether the court can give a

25  party any effective relief in the event that it decides the matter on the merits in his favor.

26  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff must have

27  suffered, or be threatened with, an actual injury traceable to the defendant and likely to be

28  redressed by a favorable judicial decision.").

1      In the context of a prison sentence, a challenge to a prison sentence becomes moot

2  once the sentence has been served, unless the petitioner continues to suffer collateral

3  consequences. *See Lane v. Williams*, 455 U.S. 624 (1982); *Zichko v. Idaho*, 247 F.3d 1015,

4  1019 (9th Cir. 2001); *United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir. 1999).  The

5  doctrine of collateral consequences is a narrow exception to the general mootness rule. The

6  exception arises where a former prisoner can show that he will suffer some collateral legal

7  consequences if the conviction is allowed to stand. *See Carafas v. LaVallee*, 391 U.S. 234

8  (1968).  Petitioner bears the burden of demonstrating that collateral consequences exist to

9  avoid having a case dismissed as moot. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

10     **A.  Challenge to Underlying Conviction in Ground Six**

11     In opposition to the motion to dismiss, Petitioner argues that because he challenges

12  his conviction in the 2003 case in Ground Six, his Petition is not moot.  The Court agrees

13  with the argument in Respondents' Reply that the claims raised in Grounds other than One

14  and Two, which are the only Grounds at issue in the Motion to Dismiss, are not relevant to

15  determining the mootness issue before the Court.  (Doc. 3-6)  Accordingly, the Court rejects

16  Petitioner's argument that a single ground challenging his conviction can satisfy the case or

17  controversy requirement for his entire Petition.

18     **B.  Probationary Term**

19     Respondents argue that Petitioner's challenge to his sentence in the 2003 case

20  asserted in Grounds One and Two are moot because Petitioner has completed the sentence

21  imposed in that case.  (Doc. 66)  As Respondents note, the general rule of mootness has long

22  been that a petition for habeas corpus becomes moot when a prisoner completes his sentence

23  before the court has addressed the merits of his petition. *Lane*, 455 U.S. at 632; *see*

24  *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) ("By his petition for habeas

25  corpus, Picrin-Peron has requested only release from custody. Because he has been released,

26  there is no further relief we can provide.").  There has been an exception, however, for those

27  petitioners who would suffer collateral legal consequences if their convictions were allowed

28  to stand. *Zal v. Steppe*, 968 F.2d 924, 926 (9th Cir. 1992); *White v. White*, 925 F.2d 287, 290

1   (9th Cir. 1991).  If a habeas petition seeking the petitioner's release from confinement is

2   adjudicated after the petitioner has been released "some concrete and continuing injury" or

3   "collateral consequence" of the challenged decision must exist for the habeas action to be

4   maintained.  *Spencer,* 523 U.S. at 7.

5           Respondents argue that Petitioner's claims asserted in Grounds One and Two which

6   pertain to his sentence in CR2003 are moot because Petitioner claims that his sentence is

7   void and that sentence expired on February 1, 2010.  (Doc. 66, Exh. 1)  Thus, he is currently

8   on probation due to the sentence and conviction in the 2002 case. Moreover, Respondents

9   assert that because the claims at issue in the Motion to Dismiss challenge only the

10  calculation of his 2003 sentence, a favorable habeas ruling would have no impact.

11          The Court agrees with Respondents that, because Petitioner has completed the prison

12  sentence, which was the entire sentence, imposed in CR2003-021342, this Court can grant

13  no further redress and Petitioner's challenge to his CR2003-021342 sentence asserted in

14  Grounds One and Two of Petition is moot.  In opposition to the motion to dismiss, Petitioner

15  cites *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001).  In *Verdin*, 243 F.3d at

16  1177, the Ninth Circuit concluded that petitioner's claims were not moot where petitioner

17  who was challenging his sentence had not completed his entire sentence, but was serving his

18  first year of a three-year term of supervised release.  The Ninth Circuit noted that if

19  petitioner prevailed, he could be sentenced to a shorter period of supervised release. *Id*. at

20  1178-79. Unlike this case, the sentence at issue in *Verdin* was a single sentence that included

21  a prison term to be followed by a term of supervised release.  Here, Petitioner was sentenced

22  to a term of imprisonment in the 2003 which he has served in its entirety.  In a separate

23  criminal case, the 2002 case, Petitioner was sentenced to concurrent terms of probation

24  which he is currently serving.

25          Petitioner argues that his challenge to his sentence in the 2003 case is not moot

26  because a determination that his 2003 sentence was improperly enhanced and was, therefore,

27  too long, would change the expiration date of the sentence he completed.  In other words, a

28  favorable decision on Petitioner's challenge to his 2003 sentence asserted in Counts One or

1   Two could advance the end date of the probationary term he is currently serving in the 2002

2   case.  The Court disagrees with Petitioner's argument.  Petitioner has completed the entire

3   sentence imposed in the 2003 case.  The terms of probation he is currently serving were

4   imposed in a separate case.

5           As set forth above, the Sentence of Imprisonment in CR2003-021342 specifically

6   provided that community supervision was waived pursuant to A.R.S. § 13-603(K) and 41-

7   1604.07(D) due to the term of probation in CR2002-014160.  (Respondents' Exh. S)  And

8   the sentencing order in CR2002-014160 suspended the imposition of sentence and placed

9   Petitioner on concurrent terms of probation to commence "[u]pon absolute discharge from

10  prison for a separate offense" in the 2003 case.  (Respondents' Exh. R)  Arizona Revised

11  Statutes § 13-603(K) provides that, "if the court sentences a person to serve a consecutive

12  term of probation immediate after the person serves a term of imprisonment, the court may

13  waive community supervision and order that the person begin serving the term of probation

14  upon the person's *release* from confinement." *Id*.   Thus, pursuant to the applicable statutes,

15  Petitioner's term of probation in the 2002 case commenced upon Petitioner's actual release

16  from imprisonment.  *See United States v. Johnson*, 529 U.S. 53, 60 (2000) (examining 18

17  U.S.C. § 3264(e) which provides that a term of supervised release does not commence until

18  an individual "is released from imprisonment," and noting that "release" means free from

19  confinement.  Thus, a term of supervised release cannot be reduced "by reason of excess

20  time served in prison." *Id*.  Even if Petitioner served excess time in prison in the 2003 case,

21  he was actually released from imprisonment on a specific date, February 1, 2010, a date

22  which cannot be changed by a decision of this Court.  It is this actual release date that

23  established the commencement of Petitioner's term of probation in the 2002 case.

24  (Respondents' Exh R); ARS § 13-603(K).

25          Even if Petitioner's prison sentence in the 2003 case was too long, this Court lacks

26  the ability to redress Petitioner's grievance and thus, his claims challenging his sentence in

27  the 2003 case asserted in Grounds One and Two are moot.  Petitioner does not continue to

28  suffer any collateral consequences despite still serving the term of probation which was

1  imposed in the 2002 case. *See Caswell v. Calderon*, 363 F.3d 832, 836 (9th Cir. 2004).

2  First, probation - imposed in this case in place of community supervision - is not equivalent

3  to imprisonment. *See State v. Cowles*, 207 Ariz. 8, 10, 82 P.3d 369, 371 (Ariz.Ct.App.

4  2004) (community supervision is a separate punishment that is consecutive to and cannot be

5  served during imprisonment.). Additionally, even if Petitioner should have been released

6  earlier from his prison term in the 2003 case, his excess prison time would not count towards

7  his term of probation which was imposed in a separate case. *Id*. Finally, even if Petitioner

8  were later found to be in violation of his current term of probation, his subsequent

9  incarceration would be a consequence of that new violation, not an earlier miscalculation of

10  his term of imprisonment in the 2003 case. *See Mendez-Savage*, CV-04-2904-PHX-JAT,

11  2006 WL 1541936, at * 6 (D.Ariz. 2006) (habeas claim rendered moot by release despite

12  ongoing community supervision because claim only challenged detention in prison past

13  expiration of sentence.).

14       In summary, Petitioner's challenges to his 2003 sentence asserted in Grounds One

15  and Two are moot based upon his release from the custody of the Arizona Department of

16  Corrections. *See United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir. 1999) (in the

17  context of a prison sentence, a challenge to the prison sentence becomes moot once the

18  sentence has been served, unless the petitioner continues to suffer collateral consequences.).

19       In accordance with the foregoing,

20       **IT IS HEREBY RECOMMENDED** that Respondents' Motion to Dismiss for Lack

21  of Jurisdiction (Mootness), doc. 66, be **GRANTED** and that: (1) Ground One of the Petition

22  for Writ of Habeas Corpus (Doc. 1) be dismissed to the extent it challenges and seeks the

23  invalidation of Petitioner's sentence in CR2003-021342; and (2) Ground Two of the Petition

24  for Writ of Habeas Corpus be dismissed in its entirety.

25       **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave

26  to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a

27  substantial showing of the denial of a constitutional right.

28

1        This recommendation is not an order that is immediately appealable to the Ninth

2  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

3  Appellate Procedure, should not be filed until entry of the District Court's judgment.  The

4  parties shall have fourteen (14) days from the date of service of a copy of this

5  recommendation within which to file specific written objections with the Court.  *See* 28

6  U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the

7  parties have fourteen (14) days within which to file a response to the objections.  Failure

8  timely to file objections to the Magistrate Judge's Report and Recommendation may result

9  in the acceptance of the Report and Recommendation by the District Court without further

10  review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure

11  timely to file objections to any factual determinations of the Magistrate Judge will be

12  considered a waiver of a party's right to appellate review of the findings of fact in an order

13  or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72,

14  Federal Rules of Civil Procedure.

15        DATED this 14th day of January, 2011.

Lawrence O. Anderson
United States Magistrate Judge

- 16 -