**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Carlos Adrian Morley, | ) | No. CV-09-1554-PHX-NVW (LOA) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Yolanda Elliot, et al. | ) | |
| Respondents. | ) | |

This matter is before the undersigned on referral from the Honorable Neil V. Wake for consideration of Petitioner's Petition for Recusal of Magistrate Judge. (Docs. 91, 93)

After the undersigned recommended that Petitioner's Petition for Writ of Habeas Corpus be denied, Petitioner filed the pending motion, arguing that the undersigned should recuse, or be disqualified, from this matter. In support of his motion, Petitioner notes that the undersigned's spouse, Aimee Anderson - Superior Court Judge, Maricopa County Superior Court since 2007, presided over a May 20, 2004 initial pre-trial conference in the underlying criminal matter when she was a Commissioner in the Superior Court. Petitioner asserts that his Petition for Writ of Habeas Corpus alleges numerous instances of ineffective assistance of counsel by defense counsel, Bruce Blumberg, including his failure to appear at the May 20, 2004 pretrial conference. Petitioner also argues that the undersigned displayed bias against him during an October 6, 2010 hearing based on several comments made during that proceeding. To put Petitioner's motion in context, the undersigned will briefly discuss the background of this case.

**I. Background**

On July 27, 2009, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) Petitioner challenges his judgment of conviction, pursuant to two plea agreements, on July 2, 2004, in the Maricopa County Superior Court, for Solicitation to Commit First Degree Murder and for Fraudulent Schemes and Artifices in CR 2003-021342-001 DT, and for Trafficking in Stolen Goods in CR 2002-014160. Defense counsel Shelly Davis represented Petitioner in CR2003-021342, and defense counsel Bruce Blumberg represented Petitioner CR 2002-014160. On September 17, 2004, Petitioner was sentenced to an aggravated term of 7.5-years imprisonment for Solicitation to Commit First Degree Murder in CR2003-021342. (Respondents' Exhs. Q, S) During the same proceeding, the court suspended the imposition of sentence and placed Petitioner on concurrent 7-year terms of probation for his convictions of Fraudulent Schemes and Artifices and Trafficking in Stolen Goods in CR2002-014160 to commence after he completed his prison sentence in CR2003-021342. (Respondents' Exh. Q at 22-23; Exh. R)

In his Petition for Writ of Habeas Corpus, Petitioner raises the following grounds for relief:

> **Ground One:** Ineffective assistance of counsel/invalid sentence.
>
> **Ground Two:** Illegal sentence, the court improperly relied on a contemporaneous conviction to enhance his sentence pursuant to A.R.S. § 13-604.
>
> **Ground Three:** Petitioner's sentence in CR2002-014160 was excessive in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.
>
> **Ground Four:** The trial court breached the terms of the plea agreement.
>
> **Ground Five:** The trial court failed to establish that subject matter jurisdiction and venue were proper.
>
> **Ground Six:** At all stages of the criminal proceedings, Petitioner was under such duress that his mental capacity was diminished.
>
> **Ground Seven:** Petitioner's rights under the Double Jeopardy Clause were violated.
>
> **Ground Eight:** The trial court did not establish a sufficient factual basis to support Petitioner's conviction in CR2003-021342.

**Ground Nine:** Petitioner did not knowingly and voluntarily waive his Sixth Amendment rights articulated in *Blakely*.

(Docs. 1, 4)   After several extensions of time, Respondents filed an Answer in opposition to the Petition on February 8, 2010.  (Doc. 21)  Also after several extensions of time, Petitioner filed a Reply on April 30, 2010.  (Doc. 36)

On July 7, 2010, the undersigned set this matter for a September 22, 2010 evidentiary hearing to consider "Petitioner's claim in Ground One that counsel [Shelly Davis] in CR2003-021342 was ineffective because she advised and permitted him to enter into a plea agreement that includes an admission to a historical prior conviction and exposed him to an enhanced sentence under A.R.S. § 13-604. . . ."  (Doc. 38)   Pursuant to Rule 8(c), Rules Governing Section 2254 proceedings, the undersigned appointed counsel, Joy Bertrand, to represent Petitioner for purposes of the evidentiary hearing.  (Doc. 38)  On the motion of Petitioner's counsel, the hearing was reset to November 9, 2010.  (Doc. 42)   On September 17, 2010, Petitioner filed a motion to remove counsel, and appoint new counsel asserting that Joy Bertrand had not been forthcoming that the person assisting her with his case, Jameson Johnson, was a paralegal and not a licensed attorney.  Petitioner was concerned that his attorney/client privilege had been violated.  (Doc. 44)  On the motion of Joy Betrand, the briefing on the motion for new counsel was sealed to protect litigation strategy and attorney-client communications.  (Doc. 44-48, 51)  On October 6, 2010, the Court conducted a hearing to consider Petitioner's motion for new counsel.  (Doc. 56)  Petitioner, Joy Bertrand, and paralegal Jameson Johnson were present.  (Doc. 56)

After considering the evidence and arguments presented during the hearing, the Court granted Petitioner's motion for new counsel, terminated Joy Bertrand as counsel and appointed David Eisenberg to represent Petitioner for the evidentiary hearing.  (Doc. 57) On the motion of David Eisenberg, the evidentiary hearing was continued to January 21, 2011.  (Doc. 59)

On December 21, 2010, Respondents filed a Motion to Dismiss Petitioner's challenge to his sentence in CR2003 asserted in Grounds One and Two on the Petition. (Doc. 66)

Because the Motion to Dismiss was directed to the only issue to be considered at the evidentiary hearing, Petitioner's counsel filed a response to the motion to dismiss. (Doc. 70) Counsel also filed a memorandum pertaining to the evidentiary hearing, in accordance with the Court's orders. (Doc. 68)   After the motion to dismiss was fully briefed, on January 14, 2011, the undersigned issued a Report and Recommendation, recommending that Respondents' Motion to Dismiss be granted. (Doc. 76)  In view of the recommendation on the Motion to Dismiss, the undersigned vacated the evidentiary hearing and permitted Petitioner's counsel - who had been appointed solely for purposes of that hearing - to withdraw. (Doc. 77)

Less then two weeks later, the undersigned issued a Report and Recommendation, recommending that the remaining claims in the Petition for Writ of Habeas Corpus be denied. (Doc. 79)

**II. Motion to Recuse or Disqualify**

On March 1, 2011, Petitioner filed the pending motion arguing that the undersigned should recuse, or be disqualified, from this case and that the Reports and Recommendations, docs. 76 and 79, prepared by the undersigned should be stricken.

**A. Relevant Law**

A party may move to disqualify, or recuse, a judge from presiding in a given case. Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party.  The affidavit must state the facts and reasons for such belief. *See* 28 U.S.C. § 144.[1] A judge finding the motion timely and the

---

[1] Title 28 U.S.C. § 144 reads:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned

- 4 -

affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. *See id.; United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

On the other hand, § 455 provides broader grounds for disqualification and is self-enforcing on the part of the judge. In particular, § 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," or when his spouse "is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(1), (3).

The test for personal bias or prejudice is the same under §§ 144 and 455. *Sibla*, 624 F.2d at 868. Specifically, under both statutes recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir.1997)). Consequently, recusal will be justified either by actual bias or the appearance of bias. *Id*. The source of any alleged bias must be extrajudicial. *Liteky v. United States*, 510 U.S. 540, 544-56 (1994). Judicial bias or prejudice formed during current or prior proceedings is insufficient for recusal unless the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. at 541; *Pesnell*, 543 F.3d at 1044. Judicial rulings will support a motion for recusal only "in the rarest of circumstances." *Liteky*, 510 U.S. at 555; *United States v. Chischilly*, 30 F.3d 1144, 1149 (9th Cir. 1994); *Mayes v. Leipziger*, 729 F.2d

---

to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, *and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.* A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144 (emphasis added).

605, 607 (9th Cir. 1984) (stating that the alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal).

**B. Analysis**

***1. Role of the undersigned's spouse in underlying matter***

Petitioner first argues that the undersigned should recuse or be disqualified because his spouse, Aimee Anderson - a Superior Court Judge, Maricopa County, since 2007 - may be affected by this proceeding because, when she was a Superior Court Commissioner, she presided over a May 20, 2004 initial pretrial conference in Petitioner's underlying criminal matter.[2]

At the time the undersigned prepared the Reports and Recommendations on the Petition, he was not personally aware this his spouse had presided over any proceedings pertaining to the underlying criminal action in the Maricopa County Superior Court. Neither Petitioner nor Respondents specifically brought to the undersigned's attention the fact that Judge Aimee Anderson had presided over any proceedings related to this matter. In support of his Motion for recusal, Petitioner has submitted a document entitled "Initial Pretrial Conference" dated May 20, 2004 in State of *Arizona v. Carlos Adrian Morley*, CR 2002-014160. The Honorable Aimee Anderson, then a Superior Court Commissioner, presided over the initial pretrial conference, but at that time, the case was assigned to Superior Court Judge Schneider. During the initial pretrial conference, Judge Anderson scheduled a final management conference and jury trial before Judge Barry Schneider. She indicated that the estimated length of the trial was eight days, and that the trials would proceed in the following order: "CR2003-021342-001 DT, first" "CR2002-014160, Second." (Doc. 91, Exh. A) Judge Anderson also confirmed a settlement conference for June 11, 2004 before Judge Ronald Reinstein, and set forth the requirements for the final trial management conference

---

[2] From 2001 to 2007, Aimee Anderson was a Commissioner in the Arizona Superior Court, Maricopa County. She has been an Arizona Superior Court Judge, Maricopa County, since 2007.

- 6 -

1  and the joint pretrial statement.  Finally, Judge Anderson affirmed prior custody orders.
2  (Doc. 91, Exh. A)
3       Although Petitioner did not refer to Judge Aimee Anderson or to the May 20, 2004
4  initial pretrial conference in his Petition for Writ of Habeas Corpus or in his Memorandum in
5  Support of Petition for Writ of Habeas Corpus, docs. 1, 4, in his Reply, he mentions that
6  proceeding - but does not refer to Judge Aimee Anderson.  (Doc. 36 at 3)  Petitioner states:

> Please draw your attention to (Exhibit 6) INITIAL PRETRIAL CONFERENCE file dated 5-20-2004[.] On page two line 3 says 'The trials for this Defendant shall proceed in the following order:
>
> CR2003-021342-001 DT, First;
> CR2002-014160, Second.
>
> The so-called prior felony conviction was to be tried Second.  If Petitioner Morley was going to be pleading guilty to CR2003-021342-001 DT with one prior felony conviction, don't you think the INITIAL PRETRIAL CONFERENCE memorandum filed on 5-26-2004 would indicate so?

(Doc. 36 at 3, Exh. 6) (emphasis in original)  Although Petitioner refers to Initial Pretrial Conference, he does not assert a claim directed to the manner in which Judge Aimee Anderson conducted that proceeding or otherwise challenge her conduct.  When reviewing Petitioner's Habeas Corpus Petition, the undersigned deemed Petitioner's argument regarding the sequence of the trials set forth in the Initial Pretrial Conference insignificant.  Petitioner did not enter his guilty pleas until several months later, on July 2, 2004.  And between the May 20, 2004 Initial Pretrial Conference and Petitioner's July 2, 2004 pleas, a settlement conference was scheduled for June 11, 2004 before Judge Reinstein.  In view of the lack of significance assigned to the May 20, 2004 pretrial conference, the undersigned relied on the review of the minute entry of that proceeding, Exhibit 6 to Petitioner's Reply, conducted by his law clerk, and had no occasion to notice Aimee Anderson's name which appears only in the upper left corner of that document.  Moreover, even if the undersigned had been personally aware that his spouse had presided over the May 20, 2004 proceeding - or if his law clerk's awareness of that information could be imputed to him - Judge Aimee Anderson's role in the underlying criminal proceeding would not provide a basis for the undersigned's recusal or disqualification.  Judge Aimee Anderson's role in the underlying

- 7 -

criminal matter was minor. She did not issue any substantive rulings in those proceedings. Rather, her participation was administrative in nature. Although evidence of the May 20, 2004 initial pretrial conference was in the record when the undersigned prepared the Reports and Recommendations in this case, the May 20, 2004 proceeding was not relevant to the undersigned's resolution of issues in this case. Moreover, the recommendations in this case will have no impact - positive or negative - on the undersigned's spouse. *See* 28 U.S.C. § 455(b)(1), (3) (stating that a judge should disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," including where the judge's spouse "is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding.") In short, "a reasonable person" with knowledge that the undersigned's spouse played a minor, administrative role in this case when, as a Superior Court Commissioner, she presided over an initial pretrial conference on May 20, 2004, could not conclude that the undersigned's impartiality nearly seven years later might reasonably be questioned. *Pesnell,* 543 F.3d at 1044. Accordingly, the undersigned declines to recuse himself under 28 U.S.C. § 455 based on his spouse's limited role in the underlying criminal matter.[3]

The undersigned must also assess the sufficiency of Petitioner's Affidavit and Motion for recusal/disqualification under Title 28 U.S.C. § 144. *See Grimes v. U. S.*, 396 F.2d 331 (9th Cir. 1968). Section 144 provides:

> Whenever a party to any proceeding in a district court makes and *files a timely* and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be

---

[3] Petitioner argues that Judge Aimee Anderson's role in his criminal case was tantamount to the undersigned himself having presided over the May 20, 2004 pretrial conference. This argument does not warrant recusal. In *United States v. Hamilton*, 792 F.2d 837, 839 (9th Cir. 1986), the Ninth Circuit affirmed refusal to recuse where the trial judge stated that he had no recollection of 15-year-old prior proceeding in which defendant had appeared before him and the record contained no evidence of bias or prejudice.

- 8 -

1
2
      shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144 (emphasis added). Section 144 "must be given the utmost of strict construction to safeguard the judiciary from frivolous attacks upon its dignity and integrity . . . and to prevent abuse and to insure orderly functioning of the judicial system . . . ." *Rademacher v. City of Phoenix*, 442 F.Supp. 27, 29 (D.Ariz. 1977) (internal citations omitted). Plaintiff's Motion and Affidavit for Disqualification is untimely under section 144. Although Petitioner's Petition for Writ of Habeas Corpus did not refer to the May 20, 2004 initial pretrial conference, over which Judge Aimee Anderson presided, he refers to that proceeding in his Reply filed on April 30, 2010. (Doc. 36 at 3)  Thus, no later than April 30, 2010, Petitioner was aware that Judge Aimee Anderson had some involvement in his state criminal proceedings. Despite being aware of Judge Aimee Anderson's involvement in his case no later than April 2010, Petitioner waited until March 1, 2011, eleven months later, and after the undersigned recommended denying his Petition for Writ of Habeas Corpus, to bring the present Motion for Recusal or Disqualification. A "litigant cannot take his chances with a Judge and then, if dissatisfied, secured a disqualification of that Judge and try again in front of another Judge." *Rademacher*, 442 F.Supp. at 29 (citing *Taylor v. U. S*., 179 F.2d 640 (9th Cir. 1950)). "If the alleged information upon which the Motion for Disqualification is based was known or knowable to the movant a considerable period of time prior to the Motion, then such a Motion is untimely." *Id*. Petitioner's motion for disqualification pursuant to § 144 based on Judge Aimee Anderson's involvement in the underlying criminal case should be denied as untimely.

      Moreover, section 144 indicates that when, the "*judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party*," a party seeking to disqualify that judge shall file an affidavit "*not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time*." 28 U.S.C. § 144. Here, the undersigned issued Reports and Recommendations on the Petition for Writ of Habeas Corpus on January 14 and

- 9 -

24, 2011. (Docs. 76, 79)   Because this matter was only referred to the undersigned to issue such a Report and Recommendation, after that action was taken, this matter was no longer pending before the undersigned and no further proceedings on this matter were set before the undersigned.

### 2. *October 16, 2010 hearing*

Petitioner further argues that the undersigned should recuse or be disqualified because his comments during the October 6, 2010 hearing on Petitioner's Motion to Remove Counsel evidence his bias against Petitioner.

To the extent that Petitioner requests recusal based on the undersigned's remarks made during the October 6, 2010 hearing, Petitioner fails to establish cause for recusal under section 455(a) which requires the source of the bias be extra judicial. *Liteky*, 510 U.S. at 544-56.

Likewise, "[a]n affidavit filed pursuant to [28 U.S.C. § 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an *extrajudicial source*." *U.S. v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) (emphasis added).  Petitioner fails to present sufficient facts to support his assertion under section 144 that the undersigned judge exhibited bias or prejudice toward Petitioner stemming from any extrajudicial source. Rather, Petitioner's arguments regarding the October 6, 2010 hearing are based solely on the undersigned's comments. Judicial bias or prejudice formed during current or prior proceedings is insufficient for recusal unless the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible."*Liteky*, 510 U.S. 540 at 541. Even "judicial remarks during the course of a trial that are critical or disapproving of or even hostile to counsel, the parties or their cases, ordinarily do not support a bias or partiality challenge," and will do so only where "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* at 555; *see e.g., Berger v. United States*, 255 U.S. 22, 28 (1921) (finding disqualification proper where district judge presiding over case against German-American defendants stated: "One must have a very judicial mind,

indeed, not to be prejudiced against the German-Americans in this country[;] their hearts are reeking with disloyalty.").

As previously stated, on October 6, 2010, the undersigned conducted a hearing regarding Petitioner's Motion to Remove Counsel and Appoint New Counsel. Petitioner sought to remove his counsel at the time, Joy Bertrand. There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required, because the action is civil, not criminal, in nature. *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1992); and Rule 8(c) of the Rules Governing Section 2254 Cases. Because an evidentiary hearing was scheduled, the undersigned had appointed Petitioner pursuant to Rule 8(c). In the motion to substitute counsel, Petitioner argued that his case was being handled by Jameson Johnson, a paralegal, and that he was not initially informed that Mr. Johnson was a paralegal and not a licensed attorney. Petitioner was concerned that his attorney-client privilege had been breached.

Unable to find controlling authority articulating the factors to consider when ruling on a motion to substitute counsel appointed for an evidentiary hearing in a § 2254 case, a civil proceeding in which petitioner has no Sixth Amendment right to counsel,[4] the undersigned relied on case law pertaining to the substitution on counsel in other contexts. In the context of a criminal prosecution, the Ninth Circuit has stated that when considering a motion to substitute counsel due to an irreconcilable conflict, the court must conduct "such necessary inquiry as might ease the defendant's dissatisfaction, distrust, and concern." *United States v. Garcia*, 924 F.2d 925, 926 (9th Cir. 1991). Thus, during the October 6, 2010 hearing, the undersigned tried to determine whether the relationship between Petitioner and Ms. Bertrand had deteriorated to the point where she should be removed and Petitioner assigned a different attorney for purposes of the evidentiary hearing that was still scheduled at that time.

---

[4] A state prisoner who brings a habeas action under 28 U.S.C. § 2254 has no constitutional right to counsel. *Harris v. Vasquez*, 949 F.2d 1497, 1513-14 (9th Cir.1991).

- 11 -

Petitioner argues that the undersigned prevented him from speaking a few times, "alluded to . . .Petitioner Morley . . . being a Racist," accused Petitioner of being a "difficult client," and used the hearing "to reprimand Petitioner." (Doc. 91 at 4)  The record reflects that a few times when Petitioner's comments strayed from the point, the undersigned redirected the Petitioner. (Doc. 91, Exh. B at 3, 14)  Additionally, when delving into Petitioner's concerns regarding Mr. Johnson's participation in his representation, the undersigned raised the issue of Mr. Johnson's race, but quickly moved on from that issue when Petitioner assured the Court that race was not an issue. (Doc. 91, Exh. B at 11-12)  Such inquiry was appropriate to understand the source of Petitioner's "dissatisfaction" and "distrust" of counsel. *Garcia*, 924 F.2d at 926; *see also United States v. Adelzo-Gonzalez*, 268 F.3d 772, (9th Cir. 2001) (stating that "in most circumstances a court can only ascertain the extent of a breakdown in communication by asking specific and targeted questions.").

During the hearing, Petitioner indicated that he wanted Ms. Bertrand to raise issues during the scheduled evidentiary hearing in addition to the single issue that had been identified for the hearing. (Doc. 91, Exh. B at 13)  It became apparent that counsel and Petitioner had opposing views regarding the scope of her representation and they could not communicate effectively. (Doc. 91, Exh. B at 8-9, 13, 15, 18)  In that context, the undersigned stated "[h]ave I hit the nail on the head or have I missed it that Mr. Morley is a difficult, challenging client." (Doc. 91, Exh. B at 15)  Because "'a serious breakdown in communication can result in . . . inadequate'" representation, the undersigned fully explored the state of the relationship between Petitioner and Ms. Bertrand. *See United States v. Adelzo-Gonzalez*, 268 F.3d at 778 (quoting *United States v. Musa*, 220 F.3d 1096, 1102 (9th Cir. 2000)).  Whether Petitioner was a difficult or challenging client was relevant to that assessment, and the undersigned's comment to that effect does not indicate bias but, rather, the undersigned's efforts to fully explore the "depth of any conflict between [Petitioner] and counsel, [and] the extent of any breakdown in communication. . . ." *Adelzo-Gonzalez*, 268 F.3d at 777 (citing *United States v. D'Amore*, 56 F.3d 1204, 1205 (9th Cir. 1995), *overruled on other grounds by United States v. Garrett*, 179 F.3d 1143, 1145 (9th Cir. 1999) (*en banc*)).

Additionally, "expressions of impatience, dissatisfaction, annoyance, and even anger" are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration. *Liteky*, 510 U.S. at 555-56.

After hearing from Petitioner, Jameson Johnson, and Joy Bertrand, the Court granted Petitioner's motion to remove Joy Bertrand as counsel. (Doc. 91, Exh. B at 20) The Court then "[r]eluctantly" gave Petitioner a new attorney for purposes of the evidentiary hearing. (*Id.*) The undersigned told Petitioner that "[y]ou need to follow your lawyer's advice," and warned him that "[t]here won't be a third lawyer." (Doc. 91, Exh. B at 21) Petitioner argues that those comments reflect bias. Rather than reflecting bias, the undersigned was merely trying to encourage Petitioner to cooperate with the next attorney who was appointed to assist him with the evidentiary hearing. The undersigned wanted to underscore the importance of Petitioner collaborating with counsel, rather than challenging counsel and insisting that counsel expand his or her role beyond the parameters set by the Court's order regarding the evidentiary hearing - as he had done with Ms. Bertrand. The undersigned's comments during the October 6, 2010 hearing do not "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 541; *Pesnell*, 543 F.3d at 1044.

The undersigned must also determine whether Petitioner's Affidavit and Motion for recusal/disqualification is timely under § 144. *See Grimes v. U. S.*, 396 F.2d 331 (9th Cir. 1968). Section 144 "must be given the utmost of strict construction to safeguard the judiciary from frivolous attacks upon its dignity and integrity . . . and to prevent abuse and to insure orderly functioning of the judicial system . . . ." *Rademacher v. City of Phoenix*, 442 F.Supp. 27, 29 (D.Ariz. 1977) (internal citations omitted). Petitioner's allegation that the undersigned was biased based on the October 6, 2010 hearing is also untimely. Although Petitioner did not receive a transcript of that proceeding until January 21, 2011, Petitioner was present during that proceeding and could have described the undersigned's comments from memory. Petitioner, however, waited until after the undersigned issued Reports and Recommendations recommending denying habeas corpus relief to raise the issue of bias. A "litigant cannot take his chances with a Judge and then, if dissatisfied, secured a

1 disqualification of that Judge and try again in front of another Judge." *Rademacher*, 442
2 F.Supp. at 29 (citing *Taylor v. U. S.*, 179 F.2d 640 (9th Cir. 1950)). "If the alleged
3 information upon which the Motion for Disqualification is based was known or knowable to
4 the movant a considerable period of time prior to the Motion, then such a Motion is
5 untimely." *Id.*

### III. "Rule 25" and "U.S.C. §§ 8093"

In the caption of his Motion, Petitioner refers to "Rule 25" and "U.S.C. §§ 8093." Although Petitioner neither specifically identifies the Rule and statute to which he refers, nor discusses them in the body of his motion, the undersigned - in an abundance of caution - will consider whether recusal or disqualification is required by under either "Rule 25" or "U.S.C. §§ 8093."

With respect to "Rule 25," Petitioner may be referring to Federal Rule of Criminal Procedure 25(b) which allows for the recusal and replacement of a district judge presiding over a criminal proceeding. The Federal Rules of Criminal Procedure, however, do not apply to this civil proceeding.

Petitioner may also be referring to Rule 25 of the Rules for Judicial-Conduct and Judicial- Disability Proceedings, adopted by the Judicial Conference of the United States on March 11, 2008. "These rules govern proceedings under The Judicial Conduct and Disability Act, 28 U.S.C. §§ 351-364 (the Act), to determine whether a covered judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts . . . ." Rule 1, Rules of Judicial-Conduct and Judicial Disability Proceedings; 28 U.S.C. § 351. In pertinent part, Rule 25 provides that a judge who is subject of a complaint filed under the Act, "is disqualified from considering the complaint . . . ." Petitioner may cite Rule 25 for the proposition that the undersigned should be disqualified from considering Petitioner's request that the undersigned recuse or be disqualified from this § 2254 matter.

Rule 25, however, does not apply to this case. First, Petitioner is not proceeding under 28 U.S.C. § 351-364. Moreover, because proceedings pursuant to 28 U.S.C. § 351-364 must be "filed with the circuit clerk in the jurisdiction in which the subject judge holds

office," in this case the Ninth Circuit Court of Appeals, the governing Rules do not apply to the action pending in this Court. *See* 28 U.S.C. § 351(a); Rules for Judicial-Conduct and Judicial-Disability Proceedings, Rule 7(a)(1).

Finally, Petitioner cites to "U.S.C. §§ 8093" in the caption of his Petition for Recusal. (Doc. 91)  The undersigned cannot determine the precise portion of the United States Code to which Petitioner is referring. Regardless, the undersigned has fully considered Petitioner's arguments in support of his request that the undersigned recuse, or be disqualified, from this matter and has found no support for that request.

### III. Summary

In summary, Petitioner appears unhappy with the undersigned's reports and recommendations in this case.  The undersigned's recommendations, however, do not provide a basis for recusal or disqualification.  *See Liteky*, 510 U.S. at 555 (stating that judicial rulings will support a motion for recusal only "in the rarest of circumstances."); *United States v. Chischilly*, 30 F.3d 1144, 1149 (9th Cir. 1994).  Additionally, the undersigned's relationship to the Honorable Aimee Anderson and comments during the October 6, 2010 hearing do not require recusal or disqualification on the facts of this case. Accordingly, the undersigned declines to recuse under 28 U.S.C. § 455, and finds Petitioner's motion and affidavit insufficient to warrant forwarding this matter to another judge for further review pursuant to 28 U.S.C. § 144.  *See Sibla*, 624 F.2d at 867; 28 U.S.C. § 144.

Accordingly,

**IT IS ORDERED** that Petitioner's Petition for Recusal of Magistrate Judge, doc. 91, is **DENIED**.

DATED this 14th day of March, 2011.

Lawrence O. Anderson
United States Magistrate Judge